FILED
CLERK'S OFFICE

2004 JUN 25 P 1:23

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:

04 11459 RCL

GARBER BROTHERS, INC.
Plaintiff,

MAGISTRATE JUDGE Cohen

Vs.

JH TRADEMARK COMPANY, LLC
Defendant.

RECEIPT #
AMOUNT $150
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 6/25/04

## NOTICE OF REMOVAL

To the Judges of the United States District Court for the District of Massachusetts:

The Petition of the Defendant/Counterclaim Plaintiff respectfully shows:

1. On June 4, 2004 an action was commenced against the Petitioner in the Norfolk Superior Court, Norfolk County, Massachusetts entitled "*Garber Brothers, Inc. vs. JH Trademark Company, LLC.*", Civil Action Number: 04-940, by service upon Petitioner of a summons and complaint on June 7. Pursuant to Rule 81.1 of the Local Rules of the United States District Court for the District of Massachusetts, the Petitioner will file in this Court certified or attested copies of the summons and complaint and docket entries from the Norfolk Superior court within thirty days. No further proceedings have been had therein.

2. The above described action is one of which this court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332, and is one which may be removed to this court by the Petitioner, defendant herein, pursuant to the provisions of Title 28, Untied States Code, Section 1441, in that he parties are citizens of different states; the Plaintiff Garber Brothers, Inc., has pleaded that it is a Massachusetts corporation with a principal place of business in Massachusetts and that the Petitioner, JH Trademark Company, LLC is a citizen of the State of Arizona with a principal place of business in Arizona. [See Complaint paragraphs 1 and 2];

3. The amount in controversy meets the jurisdictional amount required, exclusive of interest and costs.

4. Petitioner reserves the right to amend or supplement this Notice of Removal.

5. Pursuant to 28 U. S. C. § 1446, a copy of this Notice of Removal is being filed with the Norfolk Superior Court.

WHEREFORE, Petitioner prays that he above action now pending against it in the Norfolk Superior Court, in and for the County of Norfolk, Massachusetts, be removed therefrom to this Honorable Court.

Respectfully submitted
The defendant by its attorney
**THE VINCENT E. BONAZZOLI LAW FIRM, P.C.**

David C. Nunheimer

David C. Nunheimer, Esq. 546764
336 South Street
Hyannis, MA 02601
508-775-0763
fax 508-790-0072

Certificate of Service

I certify under the pains and penalties of perjury that I have served the foregoing on all parties by mail postage prepaid this 25th day of June, 2004.

David C. Nunheimer
David C. Nunheimer

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT

GARBER BROS., INC.,

Plaintiff,

v.

JH TRADEMARK COMPANY, LLC,

Defendant.

CIVIL ACTION
NO. ________

## COMPLAINT

### PRELIMINARY STATEMENT

This is an action by Garber Bros., Inc. ("GBI") seeking injunctive relief and damages arising from JH Trademark Company, LLC's ("JHT") breach of a contract for the distribution of frozen pizzas to convenience stores up and down the Eastern seaboard. JHT, furthermore, is impermissibly sharing GBI's confidential information and trade secrets with one of GBI's competitors, Dari Farms Ice Cream, Inc. ("Dari Farms"), in violation of the express provisions of its agreement with GBI and Mass. Gen. Laws ch. 93, §§ 42, 42A. JHT is obligated to permit GBI to obtain the benefits for which it contracted and to cease any unfair and unlawful disclosure of GBI's confidential and proprietary information.

### PARTIES

1. Garber Bros., Inc. is a Massachusetts corporation with a principal place of business of Route 139 at Kay Way, Stoughton, Massachusetts 02072.

2. JH Trademark Company, LLC is, upon information and belief, an Arizona limited liability company with a principal place of business of 6336 North 48th Place, Paradise Valley, Arizona.

## JURISDICTION

3. This court has personal jurisdiction over JHT pursuant to Mass. Gen. Law ch. 223A, § 3 and subject matter jurisdiction because the amount in controversy exceeds $25,000.

4. Venue is proper in this Court pursuant to Mass. Gen. Law ch. 223, § 8 because GBI maintains a principal place of business in Stoughton, Norfolk County, Massachusetts.

## FACTS

**A. GBI's Agreement With JHT**

5. GBI was founded as a candy and tobacco wholesaling company in 1947 by Harold and Paul Garber.

6. In the past fifty-seven years, GBI has grown into one of the top wholesale distributors in the United States and has approximately 280 employees.

7. GBI distributes candy, beverages, frozen foods, dairy and deli items, convenience store supplies, food service equipment and other general merchandise to its convenience store customers along the Eastern seaboard from Maine to Virginia.

8. GBI's growth is owed in large part to the relationship and good will that GBI has worked to develop with its convenience store customers over an almost sixty year period.

9. Upon information and belief, JHT is the management company for Philipe's French Bread Pizza.

10. In or about the Spring of 2003, GBI and JHT began discussing an arrangement whereby GBI would distribute Philipe's branded products -- specifically, frozen pizzas -- to GBI convenience store customers.

11. As part of this arrangement, JHT also would supply GBI convenience store customers with freezer equipment in which to store the frozen pizzas and microwave ovens in which to cook them.

12. On or about June 16, 2003, Bryan Botkin of JHT delivered to GBI the Letter of Agreement between JH Trademark And Garber Bros., Inc. (the "Letter Agreement"). A true copy of the Letter Agreement is attached hereto as *Exhibit A*.



JUN.25.2004 11:03AM LAW OFFICES NO.996 P.8

13. JHT drafted the Letter Agreement.

14. In the letter, dated June 16, 2003 (the "June 16 Letter"), that accompanied the Letter Agreement, Mr. Botkin stated that he was "glad that we have finally been able to reach an agreement that is amenable to both of our companies and I look forward to a long and prosperous relationship." A true copy of the June 16 Letter is attached hereto as *Exhibit B*.

15. The June 16 Letter directed GBI to execute a copy of the Letter Agreement and return the same to JHT, at which point JHT would sign a copy of the agreement and return that signed copy to GBI.

16. The Letter Agreement stated that it was to have a two year term beginning on July 1, 2003 and concluding on June 30, 2005.

17. The Letter Agreement stated that both parties had the first right of renewal and could seek a future agreement within 60 days of the Letter Agreement's expiration.

18. The Letter Agreement stated that information regarding the Letter Agreement was confidential between the parties.

19. The Letter Agreement stated that "[d]iscussion of information with or regarding customers of Garber Bros., Inc. is strictly confidential."

20. The Letter Agreement stated that "[b]efore adding new distributors. [JHT] will offer [GBI] the opportunity to service the chain requesting the Philipe's Pizza program."

21. Beginning in June of 2003, in accordance with the Letter Agreement, GBI began providing JHT with confidential information regarding GBI's convenience store customers.

22. Also beginning in June of 2003, and in accordance with the terms of the Letter Agreement, JHT began the process of placing freezer and microwave equipment at GBI convenience store customer locations, if GBI convenience store customers agreed to have the equipment placed at their locations and paid JHT a nominal deposit.

23. GBI, in accordance with the Letter Agreement, purchased Philipe's frozen pizzas from JHT at a price of $12.84 per case, and sold said cases to the GBI convenience store

customers who had agreed with JHT to have the freezer and microwave oven equipment at their locations at a price of $15.06 per case.

24. GBI, in accordance with the Letter Agreement, shipped the cases of Philipe's frozen pizzas to its convenience store customers who had agreed to purchase the same.

25. GBI expected and anticipated that it would realize a profit of at least $30,000.00 as a result of the Letter Agreement.

26. At all times material hereto, GBI performed its obligations under and in accordance with the Letter Agreement.

**B. JHT's Breach of the Letter Agreement**

27. In 2003 and 2004, in accordance with the Letter Agreement, GBI purchased tens of thousands of dollars worth of frozen pizzas from JHT in anticipation of delivering said frozen pizzas to GBI convenience store customers.

28. On March 15, 2004, however, Doug Hecker of JHT informed John Poulakis of GBI that (i) JHT was terminating the Letter Agreement with GBI and; (ii) beginning on March 29, 2004, Dari Farms would begin distributing JHT products, including Philipe's frozen pizzas, in Massachusetts, Connecticut and Rhode Island. A true copy of an electronic mail message from Doug Hecker to John Poulikas, dated March 15, 2004, is attached hereto as *Exhibit C*.

29. Dari Farms distributes products and inventory to convenience stores in New England and is a competitor of GBI.

30. JHT did unilaterally terminate the Letter Agreement before the conclusion of its term.

31. JHT did not offer GBI a "first right of renewal," as required by the Letter Agreement.

32. JHT has not honored its obligation under the Letter Agreement to "seek a future agreement within sixty days of the [Letter Agreement] expiring."

42. GBI requires all of its sales and sales management personnel to sign noncompetition and nondisclosure agreements, pursuant to which GBI's sales and management personnel promise not to disclose any information related to GBI's convenience store customers.

43. JHT has not returned the confidential customer information that it obtained from GBI pursuant to the Letter Agreement.

44. JHT has misappropriated, and used for its own commercial gain, GBI's customer list, which, as the Letter Agreement explicitly states, "is strictly confidential."

45. JHT's misappropriation of GBI's confidential and proprietary information relating to GBI's convenience store customers has caused GBI to and threatens to cause GBI to suffer imminent, substantial and incalculable damages for which GBI has no adequate remedy at law.

**COUNT I (Breach of Contract)**

46. GBI incorporates by reference the allegations of all of the preceding paragraphs of the Complaint as if set forth fully herein.

47. GBI and JHT entered in a written agreement pursuant to which GBI promised to serve as the distributor of Philipe's branded products, and specifically Philipe's Pizza, for which JHT serves as the management company.

48. GBI has performed all of his obligations under the Letter Agreement and is not in default in any respect under the Agreement.

49. JHT is in material breach of the Agreement in that JHT (i) has misappropriated and used for its own commercial gain GBI's customer list; (ii) unilaterally terminated the Letter Agreement before the conclusion of its term; (iii) did not offer GBI a "first right of renewal," as required by the Letter Agreement; (iv) JHT has not honored its obligation under the Letter Agreement to "seek a future agreement within sixty days of the [Letter Agreement] expiring"; (v) JHT has added one or more new distributors without offering GBI the opportunity to service customers enrolled in the Philipe's Pizza program, as required by paragraph 15 of the first page of the Letter Agreement.



JUN.25.2004 11:04AM LAW OFFICES NO.996 P.12

50. JHT's breach of the Agreement and subsequent actions have caused and threatens to cause GBI to suffer imminent, substantial and incalculable damages.

51. GBI has no adequate remedy at law.

52. The balance of equities favors entry of an injunction.

53. Further, as a result of GBI breaches of the Letter Agreement, GBI has suffered damages in an amount to be proved at trial.

**COUNT II (Breach of Confidentiality Agreement)**

54. GBI incorporates by reference the allegations of all of the preceding paragraphs of the Complaint as if set forth fully herein.

55. In exchange for adequate and valuable consideration, JHT agreed to abide by the Letter Agreement and, specifically, that "[d]iscussion for information with or regarding customers of Garber Bros., Inc. is strictly confidential."

56. By improper appropriation, use and disclosure to third parties of GBI confidential customer information following its unilateral termination of the Letter Agreement, JHT is in breach of its agreement with GBI.

57. JHT's breach of the Letter Agreement and subsequent actions have caused and threatens to cause GBI to suffer imminent, substantial and incalculable damages.

58. GBI has no adequate remedy at law.

59. The balance of equities favors entry of an injunction.

60. Further, as a result of JHT's breaches of the Non-Disclosure Agreement, GBI has suffered damages in an amount to be proved at trial.

**COUNT III (Breach Of The Implied Covenant Of Good Faith And Fair Dealing)**

61. GBI incorporated by reference the allegations of all of the preceding paragraphs of the Complaint as if set forth fully herein.

62. By its conduct, JHT has breached the covenant of good faith and fair dealing implied in the Letter Agreement.

63. As a result of these breaches, GBI has suffered and is threatened to further suffer substantial damages, including significant loss of business and good will in its distribution area, in an amount to be proved at trial.

**COUNT IV (Misappropriation of Trade Secrets; G. L. c. 93, § 42)**

64. GBI incorporates by reference the allegations of all of the preceding paragraphs of the Complaint as if set forth fully herein.

65. JHT misappropriated and/or has threatened to misappropriate and/or will inevitably disclose trade secrets learned by him pursuant to the Letter Agreement, including the names and account information of GBI customers.

66. As a result of JHT's misappropriation of trade secrets, GBI has suffered damages in an amount to be proved at trial.

**COUNT V (Misappropriation of Trade Secrets; M.G.L. c. 93, § 42A)**

67. GBI incorporates by reference the allegations of all of the preceding paragraphs of the Complaint as if set forth fully herein.

68. JHT misappropriated and/or has threatened to misappropriate and/or will inevitably disclose trade secrets learned by him pursuant to the Letter Agreement, including the names and account information of GBI customers.

69. As a result of the misappropriation of trade secrets by JHT, GBI will suffer substantial, incalculable, and irreparable harm.

70. GBI has no adequate remedy at law.

71. The balance of equities favors entry of an injunction.

**COUNT VI (Mass. Gen. Laws ch. 93A, §§ 2, 11)**

72. GBI incorporates by reference the allegations of all of the preceding paragraphs of the Complaint as if set forth fully herein.

73. JHT and GBI engage in the conduct of trade or commerce in performing construction work, and JHT's actions and transactions as described above and the resulting damages to GBI occurred primarily and substantially in Massachusetts.



JUN.25.2004 11:04AM LAW OFFICES NO.996 P.14

74. The statements, acts, and conduct of JHT, including JHT's (i) misappropriation, and use for its own commercial gain, of GBI's customer list; (ii) unilateral termination of the Letter Agreement before the conclusion of its term; (iii) failure to offer GBI a "first right of renewal," as required by the Letter Agreement; (iv) failure to honor its obligation under the Letter Agreement to "seek a future agreement within sixty days of the [Letter Agreement] expiring"; (v) addition of one or more new distributors without offering GBI the opportunity to service customers enrolled in the Philipe's Pizza program, as required by paragraph 15 of the first page of the Letter Agreement constitute unfair and deceptive acts or practices in conduct of trade or commerce in violation of G.L. c. 93A, §§ 2 and 11.

75. Said conduct of JHT was a willful and knowing violation of G.L. c. 93A, §§ 2 and 11, and a deliberate breach of JHT's known obligations under contract.

76. As a direct and proximate result of JHT's knowing and willful unfair or deceptive acts or practices, GBI has suffered and with reasonable probability will in the future suffer substantial damages.

WHEREFORE, GBI respectfully requests that this Court:

(a) in accordance with the Letter Agreement and G. L. c. 93, § 42A, upon notice and hearing preliminarily and permanently enjoin defendant JHT from further breaches of the Letter Agreement and JHT's statutory obligation to preserve the trade secrets of GBI;

(b) order JHT to immediately return all confidential information and trade secrets belonging to GBI and order JHT to refrain from contacting any GBI customers;

(c) enter judgment against JHT for all damages incident to the unlawful conduct as alleged herein, including attorneys' fees and double damages pursuant to G. L. c. 93, § 42;

(d) enter judgment against JHT for all damages incident to its unlawful conduct as alleged herein, including attorneys' fees and treble damages pursuant to G. L. c. 93A; and

(e) award such other relief as the Court may deem just and proper.

Respectfully Submitted,

GARBER BROS., INC.

By its attorney

THE LAW OFFICE OF TERRY KLEIN
Terry Klein, BBO# 652052
1558 Dorchester Avenue, Ste. 202
Dorchester, Massachusetts 02122
Telephone: (617) 825-8175
Facsimile: (617) 507-6454

Dated: June 4, 2004

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

GARBER BROS., INC.

(b) County of Residence of First Listed Plaintiff Norfolk, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Terry Klein
1558 Dorchester Ave., Ste. 202
Dorchester, MA 02122
617-825-8175

**DEFENDANTS**

JH TRADEMARK COMPANY, LLC

County of Residence of First Listed Maricopa, AZ
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
David Nunheimer
336 South Street
Hyannis, MA 02601
508-775-0763

04 11459

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury—Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- XX 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $

CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 6-25-04 SIGNATURE OF ATTORNEY OF RECORD David C. Nunheimer

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE