

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:

04-11459RCL

GARBER BROTHERS, INC.

    Plaintiff,

Vs.

JH TRADEMARK COMPANY, LLC

    Defendant.

## DEFENDANT JH TRADEMARK COMPANY, LLC'S ANSWER AND COUNTERCLAIM

Defendant JH Trademark Company, LLC ("JHT") responds to Plaintiffs' Complaint as follows:

1.    JHT lacks sufficient information to admit or deny the allegations contained in paragraph 1 and therefore denies the same.

2.    Admit.

3.    Admit.

4.    Admit.

5.    JHT lacks sufficient information to admit or deny the allegations contained in paragraph 1 and therefore denies the same.

*(left margin, vertical text)* GUNDERSON, DENTON & PROFFITT, P.C. ATTORNEYS AND COUNSELORS AT LAW 123 N. CENTENNIAL WAY, SUITE 150 MESA, AZ 85201

6.      JHT lacks sufficient information to admit or deny the allegations contained in paragraph 1 and therefore denies the same.

7.      JHT lacks sufficient information to admit or deny the allegations contained in paragraph 1 and therefore denies the same.

8.      JHT lacks sufficient information to admit or deny the allegations contained in paragraph 1 and therefore denies the same.

9.      Admit.

10.     Admit.

11.     Admit.

12.     Admit.

13.     Admit.

14.     Admit that Exhibit B is a true copy of the document, and assert that Exhibit B speaks for itself. The remaining allegations of the paragraph are denied.

15.     Admit that Exhibit B is a true copy of the document, and assert that Exhibit B speaks for itself. The remaining allegations of the paragraph are denied.

16.     Admit that Exhibit A is a true copy of the document, and assert that Exhibit A speaks for itself. The remaining allegations of the paragraph are denied.

17.     Admit that Exhibit A is a true copy of the document, and assert that Exhibit A speaks for itself. The remaining allegations of the paragraph are denied.

18.     Admit that Exhibit A is a true copy of the document, and assert that Exhibit A speaks for itself. The remaining allegations of the paragraph are denied.

19.    Admit that Exhibit A is a true copy of the document, and assert that Exhibit A speaks for itself. The remaining allegations of the paragraph are denied.

20.    Admit that Exhibit A is a true copy of the document, and assert that Exhibit A speaks for itself. The remaining allegations of the paragraph are denied.

21.    Deny.

22.    Admit that JHT placed certain machines and affirmatively allege that Exhibit A speaks for itself. Deny the remainder.

23.    Deny.

24.    Admit that GBI shipped pizzas to certain customers. Deny GBI complied with the parties' agreement.

25.    JHT lacks sufficient information to admit or deny the allegations contained in paragraph 1 and therefore denies the same.

26.    Deny.

27.    Admit that Garber Bros., Inc. ("GBI") purchased tens of thousands of dollars worth of frozen pizzas, deny that GBI was acting in accordance with the Letter Agreement. JHT lacks sufficient information regarding GBI's state of mind or anticipation to admit or deny the allegations contained in paragraph 1 and therefore denies the same.

28.    Deny. JHT also affirmatively alleges that JHT had already informed GBI that it was in breach before March 15, 2004.

29.    JHT lacks sufficient information to admit or deny the allegations contained in paragraph 1 and therefore denies the same.

GUNDERSON, DENTON & PROFFITT, P.C.
ATTORNEYS AND COUNSELORS AT LAW
123 N. CENTENNIAL WAY, SUITE 150
MESA, AZ 85201

30.    Admit that JHT terminated the Letter Agreement, but only after GBI's breaches of the same.

31.    Admit.  JHT also affirmatively alleges that it had no duty to offer any right of first refusal, as a consequence of GBI's breaches of the parties' agreement.

32.    Deny that there was any obligation by JHT under the agreement at this time because GBI was already in breach of the Letter Agreement.

33.    Admit that JHT has added distributors but deny that there is any requirement to offer GBI any opportunity to service such distributors.

34.    JHT lacks sufficient information to admit or deny the allegations contained in paragraph 1 and therefore denies the same.

35.    Deny.

36.    Admit.

37.    Admit.

38.    Deny.

39.    Deny.

40.    Deny.

41.    Deny.

42.    JHT lacks sufficient information to admit or deny the allegations contained in paragraph 1 and therefore denies the same.

43.    Deny.

44.    Deny.

GUNDERSON, DENTON & PROFFITT, P.C.
ATTORNEYS AND COUNSELORS AT LAW
123 N. CENTENNIAL WAY, SUITE 150
MESA, AZ 85201

4

45.  Deny.

46.  This paragraph requires no response.

47.  Admit that the parties entered an agreement, which speaks for itself. The remaining allegations are denied.

48.  Deny.

49.  Deny.

50.  Deny.

51.  Deny.

52.  Deny.

53.  Deny.

54.  This paragraph requires no response.

55.  Admit that the parties entered an agreement, which speaks for itself. The remaining allegations are denied.

56.  Deny.

57.  Deny.

58.  Deny.

59.  Deny.

60.  Deny.

61.  This paragraph requires no response.

62.  Deny.

63.     Deny.

64.     This paragraph requires no response.

65.     Deny.

66.     Deny.

67.     This paragraph requires no response.

68.     Deny.

69.     Deny.

70.     Deny.

71.     Deny.

72.     This paragraph requires no response.

73.     Deny.

74.     Deny.

75.     Deny.

76.     Deny.

77.     JHT denies all allegations not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Defendant JHT hereby places Plaintiffs on notice that it may raise the following affirmative defenses which, through subsequent discovery, may be supported by the facts: failure to satisfy conditions precedent; failure to state a claim upon which relief may be granted; failure to join necessary and indispensable parties under Rule 19; failure of consideration; fraud; payment; estoppel; statute of frauds; statute of limitations; waiver; set-

GUNDERSON, DENTON & PROFFITT, P.C.
ATTORNEYS AND COUNSELORS AT LAW
123 N. CENTENNIAL WAY, SUITE 150
MESA, AZ 85201

off; breach of contract; failure to mitigate damages; avoidable consequences; unclean hands; any other matter constituting an avoidance and all other affirmative defenses as may be required herein pursuant to law.

WHEREFORE, having answered Plaintiffs' Complaint, Defendant JHT requests judgment of the Court as follows:

A.    That Plaintiffs' Complaint be dismissed and that Plaintiffs take nothing thereby;

B.    That Defendant JHT be awarded its reasonable attorneys' fees; and

C.    For such other and further relief as to the Court appears just and proper under the circumstances.

## COUNTERCLAIM

## PARTIES, JURISDICTION, AND VENUE

## GENERAL ALLEGATIONS

Plaintiff, by and through its attorneys undersigned and for its causes of action against Defendants, alleges as follows:

## BACKGROUND ALLEGATIONS

1.    Plaintiff is an Arizona corporation, duly authorized and doing business in the county of Maricopa, state of Arizona.

2.    Jurisdiction and venue are appropriate in this Court.

3.    All of the named Defendants herein, whether identified or designated as John Doe or Jane Doe, are intended to represent individuals acting either in their individual capacities, or as agents, representatives, directors, shareholders, or employees duly authorized

GUNDERSON, DENTON & PROFFITT, P.C.
ATTORNEYS AND COUNSELORS AT LAW
123 N. CENTENNIAL WAY, SUITE 150
MESA, AZ 85201

1  and acting within their employment with regards to the transactions hereinafter alleged.

2  Where applicable, each of the named individual Defendants alleged herein was acting for and

3  on behalf of the marital communities composed of themselves and their spouse, and the

4  designations John Doe and Jane Doe as used herein are used for the purposes of identifying

5  
6  the unknown spouses of the named Defendants. Leave of Court is requested to substitute the

7  true names as they are learned.

8  
9       4.    All acts herein alleged to have been done by the individually named companies,

10  corporations, partnerships and other business entities named herein were done by their duly

11  authorized agents, directors, shareholders or employees acting within the scope of their

12  employment or agency, and all acts herein alleged were agreed to and ratified by the

13  individually named companies, corporations, partnerships and other business entities alleged

14  herein. Each of the individually named companies, corporations, partnerships and other

15  business entities alleged herein, whether identified or not, were in fact doing business in

16  Arizona, and caused events to occur and entered into contracts and agreements in the state of

17  Arizona with the named Plaintiff.

18  
19       5.    In the event that the individually named companies, corporations, partnerships

20  and other business entities alleged herein were not duly authorized and legally constituted

21  business entities, all actions taken on behalf of said organizations were done for and on behalf

22  of the principals of said organizations, which principals are either identified herein or

23  designated John and Jane Does I-X and which corporations or companies, if unknown at this

24  time, are designated XYZ Entities I-V. Leave is requested of the Court to add individually

GUNDERSON, DENTON & PROFFITT, P.C.
ATTORNEYS AND COUNSELORS AT LAW
123 N. CENTENNIAL WAY, SUITE 150
MESA, AZ 85201

named companies, corporations, partnerships and other business entities and additional named Defendants as they are learned.

6.     The acts, omissions, representations, understandings, agreements, and contracts hereinafter alleged were either done by, agreed to or ratified by all Defendants herein, whether named or unnamed, and all Defendants benefited either directly or indirectly from the acts, omissions, representations, understandings, agreements and contracts hereinafter alleged. As a result of the benefit derived and the agreement to or ratification of the acts, omissions, representations, understandings, agreements and contracts, Defendants are jointly and severally liable to Plaintiff for the acts, omissions, representations, understandings, agreements, and contracts alleged herein.

7.     Although the named and unnamed individual Defendants and business entities were physically located in various locations, some of which may have been outside of the state of Arizona, each and every named and unnamed Defendant and business entity caused actions to occur within the state of Arizona sufficient to confer upon the courts of the state of Arizona jurisdiction over the persons and business entities herein alleged.

# GENERAL ALLEGATIONS.

8.     Plaintiff incorporates by this reference the previous allegations and further alleges as follows:

9.     GBI signed a Letter of Agreement with JHT ("Letter Agreement") on June 17, 2003. The Letter Agreement is attached as Exhibit A.

10.     The Letter Agreement provided at paragraph 1 that GBI would "sell and distribute Philipe's Pizza to its customers."

GUNDERSON, DENTON & PROFFITT, P.C.
ATTORNEYS AND COUNSELORS AT LAW
123 N. CENTENNIAL WAY, SUITE 150
MESA, AZ 85201

11.    With each customer, a merchandiser unit (freezer) is required to be placed within the customer store location. JHT required that each customer pay a deposit before placement of a merchandiser unit. GBI was fully informed of this.

12.    GBI marketed Philipe's Pizza products to customers without requiring the necessary deposit, provided potential customers with contracts for Philipe's Pizza which did not contain the deposit language, and also attempted to place merchandisers in its customer locations without the required deposit.

13.    When JHT advised GBI that a deposit was required, GBI refused to require the deposit from customers it serviced, and subsequently, GBI ceased using its best efforts or even any good faith efforts to sell and distribute Philipe's Pizza.

14.    In October 2003, Mark Greenburg from JHT met with John Poulakis of GBI and advised that GBI was in breach of the Letter Agreement. In response, John Poulakis told Mark Greenburg that GBI hadn't serviced customers and "let it die," (referring to the Philipe's Pizza program referenced in the Letter Agreement) in violation of GBI's duties under the Letter Agreement.

15.    In bad faith, GBI permitted its customers to place competing products within JHT's merchandisers.

16.    The Letter Agreement requires at paragraph 4 that GBI cap the selling cost of Philipe's Pizza to customers at $1.30 per pizza. However, GBI sold Philipe's Pizza to customers for more than that amount.

GUNDERSON, DENTON & PROFFITT, P.C.
ATTORNEYS AND COUNSELORS AT LAW
123 N. CENTENNIAL WAY, SUITE 150
MESA, AZ 85201

17.    The Letter Agreement provided at paragraph 12 that "Distributor will provide monthly by-store purchase data to JH Trademark Company." However, GBI did not provide the contractually required monthly by-store purchase date to JHT.

18.    According to paragraph 7 of the Letter Agreement, GBI is to "[s]upport JH Trademark Company in any way necessary to recover equipment from underperforming accounts." Due to poor placement of equipment by GBI, JHT has been forced to retrieve equipment from underperforming accounts. However, GBI has not assisted in the recovery of the equipment.

19.    JHT terminated the Letter Agreement only after it became clear that GBI refused to remedy its breaches under the Letter Agreement.

20.    After terminating the Letter Agreement, JHT offered to inspect and reimburse GBI for its remaining pizza inventory, although the Letter Agreement did not require that JHT reimburse GBI for the remaining pizza inventory. *See* Letter from Brad Denton to Jodi Garber on April 14, 2004, attached as Exhibit B. However, GBI refused to allow JHT to inspect the frozen pizza inventory. *See* Letter from Brad Denton to Jodi Garber on April 22, 2004, attached as Exhibit C.

## COUNT ONE
### Breach of Contract

21.    JHT incorporates by this reference the previous allegations.

22.    There existed between JHT and GBI a contract (the Letter Agreement).

23.    GBI breached the Agreement, and JHT was damaged as a result.

GUNDERSON, DENTON & PROFFITT, P.C.
ATTORNEYS AND COUNSELORS AT LAW
123 N. CENTENNIAL WAY, SUITE 150
MESA, AZ 85201

24.     JHT has been damaged in the amount of $32,175.00 for the cost of shipping merchandisers to customers who were not being properly serviced by GBI.

25.     JHT has been damaged in the amount of approximately $20,000 for the cost of picking up those same machines.

26.     JHT had reasonable expectations that it would receive a yearly profit of $179,361.00 for each of the two years contemplated in its Letter Agreement with GBI.

27.     Because of GBI's breach, JHT has not received the $358,722.00 it reasonably expected under the Letter Agreement.

28.     JHT is entitled to its attorneys' fees and costs of suit.

## COUNT TWO
### Breach of Duty of Good Faith and Fair Dealing

29.     JHT incorporates by this reference the previous allegations.

30.     GBI has a duty of good faith and fair dealing in all its transactions with JHT.

31.     GBI breached its duty of good faith and fair dealing to JHT.

32.     JHT has been damaged as a direct and proximate result of GBI's breach of the duty of good faith and fair dealing.

33.     JHT is entitled to its attorneys' fees and costs of suit.

## COUNT THREE
### Accounting

34.     JHT incorporates by this reference the previous allegations.

35.     JHT is entitled to receive an accounting from GBI, in sufficient detail that JHT can determine what the monthly store purchase data is for the frozen pizzas so that Plaintiff

GUNDERSON, DENTON & PROFFITT, P.C.
ATTORNEYS AND COUNSELORS AT LAW
123 N. CENTENNIAL WAY, SUITE 150
MESA, AZ 85201

can employ point-of-purchase ("POP") kits, improve its equipment distribution, and manage its business.

## PRAYER

WHEREFORE, JHT prays for judgment against GBI as follows:

I.        For compensatory, incidental, and consequential damages in an amount not less than $410,897.00;

II.       For JHT's reasonable attorneys' fees and costs incurred in bringing this action, and, in the event judgment is obtained by default, for reasonable attorneys' fees in the amount of $3,000.00;

III.      For interest at the highest rate allowed by law from the earliest time permitted by law until the judgment is paid in full;

IV.       For an appropriate accounting from Defendants; and

V.        For such other and further relief as the Court deems just and proper.

Respectfully submitted
The defendant by its attorney
**THE VINCENT E. BONAZZOLI LAW FIRM, P.C.**

David C. Nunheimer, Esq. 546764
336 South Street
Hyannis, MA  02601
508-775-0763
fax  508-790-0072

GUNDERSON, DENTON & PROFFITT, P.C.
ATTORNEYS AND COUNSELORS AT LAW
123 N. CENTENNIAL WAY, SUITE 150
MESA, AZ 85201

Certificate of Service

I certify under the pains and penalties of perjury that I have served the foregoing on all parties by mail postage prepaid this 1st day of July, 2004.

David C. Nunheimer

# EXHIBIT A



**JH TRADEMARK COMPANY, LLC**
Management Company for Philipe's®

## Letter of Agreement between JH Trademark Company, LLC And Garber Bros., Inc.

This letter between JH Trademark Company, LLC, the management company for Philipe's Pizza, and Garber Bros., Inc. as the distributor of Philipe's branded product to retail stores, serves as an agreement between both parties. The agreement is for a two year term beginning July 1, 2003 ending on June 30, 2005. The agreement provides both parties have first right of renewal and seek a future agreement within 60 days of this agreement expiring.

Information regarding this agreement is confidential between the parties. Discussion of information with or regarding customers of Garber Bros., Inc. is strictly confidential.

JH Trademark Company, LLC, the management company for Philipe's Pizza agrees to:

1) Place up to 400 Philipe's Pizza Place pizza merchandisers in Garber Bros., Inc. customer locations.
2) Additional units may be made available to Garber Bros., Inc. customers if there is sufficient demand.
3) Provide trade reference and vendor information required by Garber Bros., Inc.
4) Certificate of Insurance will be submitted by current product manufacturer which is Better Baked Foods. Should new manufacturers be selected, a new Certificate of Insurance will be provided.
5) Philipe's Pizza Place equipment requests will be coordinated and shipped through JH Trademark Company no later than 30 days from the date the order is received at JH Trademark Company.
6) JH Trademark Company reserves the right to refuse equipment to Garber Bros., Inc. customers that do not meet minimum qualification criteria.
7) JH Trademark Company reserves the right to refuse equipment to Garber Bros., Inc. customers that are charged more than $1.30 per pizza.
8) Standard POP kits that are affixed to the equipment are provided by JH Trademark Company. Replacement POP is also made available by JH Trademark Company.
9) Current product offering of 3 SKU's: Pepperoni, Deluxe, and 5 Cheese. Additional SKU's will be made available to Garber Bros., Inc. in the future.
10) Pricing to Garber Bros., Inc. of $25.68 per case ($ 1.07 per unit). JH Trademark Company will guarantee this price to Garber Bros., Inc. until December 31, 2003.
11) JH Trademark Company will notify Garber Bros., Inc. of any product or price changes in writing at least 60 days in advance.
12) JH Trademark Company will conduct a minimum annual business review to be outlined by JH Trademark and Garber Bros., Inc.
13) The freight company used by JH Trademark or its manufacturer will unload Garber Bros. product order. The extent of this unloading will be limited to moving pallets from the truck to the receiving area using the equipment supplied by Garber Brothers.
14) JH Trademark Company reserves the right to expand distribution in Garber Bros., Inc distribution area. However, it is not JH Trademark's intent to expand distribution in the Northeast and will only consider expanding distribution at the request of a large (100+ Stores) retail chain.
15) Before adding new distributors, JH Trademark Company will offer Garber Bros., Inc. the opportunity to service the chain requesting the Philipe's Pizza program.



## JH TRADEMARK COMPANY, LLC
### Management Company for Philipe's®

Garber Bros., Inc. agrees to:

1) Sell and distribute Philipe's Pizza to its customers.
2) To make Philipe's Pizza the primary frozen prepared pizza food-service program offered to Garber Bros., Inc. customers.
3) Sell Philipe's Pizza to its customers by the case and not by the single unit.
4) Cap the selling cost to customers at $____ per pizza.
5) Recommend selling retails of $1.99 to $2.19 to customers.
6) Not move equipment to a new location or alter the equipment in any way without prior consent from JH Trademark Company.
7) Support JH Trademark Company in any way necessary to recover equipment from underperforming accounts or any account that is in violation of the Philipe's Pizza Equipment Contract.
8) Waive warehouse slotting fees.
9) JH Trademark Company does not have any distributor or retailer rebate programs at this time.
10) JH Trademark Company will offer such programs to Garber Bros., Inc. if they become available.
11) Pay invoices to Better Baked Foods in accordance to their 15 day terms with a 7 day grace period.
12) Provide monthly by-store purchase data to JH Trademark Company.
13) Begin marketing to all chain customers with product available to customers for shipment anticipated by July 1, 2003.
14) Make marketing opportunities, customer events, and other activities available to JH Trademark Company. JH Trademark Company reserves the right to accept or refuse participation.
15) Notify JH Trademark Company in advance of potential customer loss or significant additions (25 locations or more). Garber Bros., Inc. will give Philipe's first opportunity to present options to customers that have competing pizza programs.
16) Purchase minimum quantity of 6 pallets from Philipe's manufacturer. JH Trademark Company reserves the right to make special exceptions to the shipping minimum when appropriate.
17) Pallet configurations cannot be changed or mixed.

The agreement has been reviewed and is understood by both parties. JH Trademark Company, LLC and Garber Bros., Inc. mutually agrees to all points outlined.

The agreement is accepted by both parties undersigned by its representatives.

Bryan Botkin
Vice President Sales & Marketing
JH Trademark Company, LLC

Date

John Poulin
Garber Bros., Inc.

6/12/03
Date

# EXHIBIT B



# GUNDERSON, DENTON & PROFFITT, P.C.
## ATTORNEYS & COUNSELORS AT LAW

Brent M. Gunderson
Brad A. Denton
Thomas D. Proffitt

Patrick J. Thurston

April 14, 2004

**VIA FACSIMILE (781) 341-4806**

Jodi Garber
John Poulakis
David Quinn
Garber Brothers, Inc.
Rt. 139 at Kay Way
Stoughton, MA 02072

Dear Ms. Garber:

This firm represents JH Trademark Company, LLC. I have spoken with Mark Greenburg about the situation relating to inventory currently being held by Garber Brothers. Please direct further communications regarding this matter to our office, rather than to JH Trademark Company directly.

Please be advised that JH is willing to resolve the issue with the remaining inventory in one of two ways:

1. JH will arrange to have the inventory picked up from Garber Brothers' facility. JH will then promptly pay Garber Brothers for all inventory that is in an acceptable condition; or

2. A representative of JH will fly to Boston and inspect the remaining inventory at Garber Brothers. Provided the inventory is in acceptable condition, the JH representative will take possession immediately and cut Garber Brothers a check for the amount of the inventory, minus travel costs such as plane fare, hotel fare, and so forth.

Under the circumstances, I am sure you understand why it is necessary for JH to proceed in this commercially reasonable fashion. I look forward to hearing from you on which of the two above procedures Garber Brothers prefers to follow.

Very truly yours,

Brad Denton

BAD:jdm

cc: Mark Greenburg

123 N. CENTENNIAL WAY, SUITE 150, MESA, ARIZONA 85201
TELEPHONE (480) 655-7440 • FACSIMILE (480) 655-7099 • WWW.GUNDERSONDENTON.COM

EXHIBIT C



GUNDERSON, DENTON & PROFFITT, P.C.
ATTORNEYS & COUNSELORS AT LAW

Brent M. Gunderson
Brad A. Denton
Thomas D. Proffitt

Patrick J. Thurston

April 22, 2004

*VIA FACSIMILE (781) 341-4806 & Registered Mail*

Jodi Garber
John Poulakis
David Quinn
Garber Brothers, Inc.
Rt. 139 at Kay Way
Stoughton, MA 02072

Dear Ms. Garber:

As you know, JH Trademark recently sent a representative of Better Baked Foods to pick up the Philipe's Pizza inventory currently located in your warehouse. Garber Brothers refused Better Baked Foods access to the product, and therefore we were unable to pick it up.

As Mr. Greenburg has told you and others at Garber Brothers, JH's policy is not to pay for inventory until it can be confirmed that the inventory is undamaged and in saleable condition. Unfortunately, if Garber Brothers will not allow Better Baked Foods to take the product back to its warehouse for inspection, none of this can occur.

JH has no contractual obligation to buy the product back, but has agreed to do so in hopes that this relationship can be concluded amicably. We hope you will reconsider you unwillingness to cooperate in this effort. Of course, if Garber Brothers wishes to retain the inventory, please let us know at your earliest convenience.

Very truly yours,

Brad Denton

BAD:jdm

cc: Mark Greenburg (fax)