UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHSUETTS

| | |
|---|---|
| GARBER BROS., INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JH TRADEMARK COMPANY, LLC, )<br>)<br>Defendant. )<br>) | CIVIL ACTION<br>NO. 04-11459-RCL |

## ANSWER TO COUNTERCLAIMS

Plaintiff, defendant-in-counterclaims, Garber Bros., Inc. ("GBI"), hereby submits this answer to the counterclaims ("Counterclaims") of defendant, plaintiff-in-counterclaims, JH Trademark Company, LLC ("JH Trademark"), as follows:

### BACKGROUND ALLEGATIONS

1. GBI admits that JH Trademark is an Arizona limited liability company, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore calls upon JH Trademark to prove the same.

2. The allegations in this paragraph constitute legal conclusions to which no responses are required.

3. GBI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore calls upon JH Trademark to prove the same.

4. Denied.

5. GBI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore calls upon JH Trademark to prove the same. Alternatively, the allegations in this paragraph constitute legal conclusions to which no responses are required.

6. The allegations in this paragraph constitute legal conclusions to which no responses are required.

7. The allegations in this paragraph constitute legal conclusions to which no responses are required. Whether the courts of Arizona have jurisdiction over this dispute, furthermore, is irrelevant.

## GENERAL ALLEGATIONS

8. GBI incorporates its responses to Paragraphs 1 – 7 of the Counterclaims.

9. GBI admits that it entered into a written contract with JH Trademark (the "Letter Agreement") but states that such contract or written agreement speaks for itself and denies the allegations in this paragraph to the extent that they do not fully and accurately characterize the contents thereof.

10. GBI admits that it entered into the Letter Agreement with JH Trademark but states that the Letter Agreement speaks for itself and denies the allegations in this paragraph to the extent that they do not fully and accurately characterize the contents thereof.

11. GBI admits that it entered into the Letter Agreement with JH Trademark but states that the Letter Agreement speaks for itself and denies the allegations in this paragraph to the extent that they do not fully and accurately characterize the contents thereof. GBI denies, however, that it was "fully informed" of any of the allegations, or factual statements underlying the allegations, in this paragraph.

12. Denied.

13. Denied.

14. Denied. GBI states, additionally, that the Letter Agreement speaks for itself and denies the allegations in this paragraph to the extent that they do not fully and accurately characterize the contents thereof. Finally, several of the allegations in this paragraph constitute legal conclusions to which no responses are required.

15. Denied.

-3-

16. Denied. GBI states, additionally, that the Letter Agreement speaks for itself and denies the allegations in this paragraph to the extent that they do not fully and accurately characterize the contents thereof. Finally, several of the allegations in this paragraph constitute legal conclusions to which no responses are required.

17. Denied. GBI states, additionally, that the Letter Agreement speaks for itself and denies the allegations in this paragraph to the extent that they do not fully and accurately characterize the contents thereof. Finally, several of the allegations in this paragraph constitute legal conclusions to which no responses are required.

18. Denied. GBI states, additionally, that the Letter Agreement speaks for itself and denies the allegations in this paragraph to the extent that they do not fully and accurately characterize the contents thereof. As to the allegations concerning recovery of equipment, GBI is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore calls upon JH Trademark to prove the same.

19. Denied. GBI is without knowledge or information sufficient to form a belief as to the reasons that JH Trademark wrongfully terminated the Letter Agreement, and therefore calls upon JH Trademark to prove the same.

20. Denied. GBI states, additionally, that the Letter Agreement speaks for itself and denies the allegations in this paragraph to the extent that they do not fully and accurately characterize the contents thereof.

## COUNT ONE
### Breach of Contract

21. GBI incorporates its responses to Paragraphs 1 – 20 of the Counterclaims.

22. Admitted.

23. Denied. Additionally, the allegations in this paragraph constitute a legal conclusion to which no response is required.

24. Denied. Additionally, the allegations in this paragraph constitute a legal conclusion to which no response is required.

25. Denied. Additionally, the allegations in this paragraph constitute a legal conclusion to which no response is required.

26. Denied. Additionally, the allegations in this paragraph constitute a legal conclusion to which no response is required.

27. Denied. Additionally, the allegations in this paragraph constitute a legal conclusion to which no response is required.

28. Denied. Additionally, the allegations in this paragraph constitute a legal conclusion to which no response is required.

## COUNT TWO
### Breach of the Duty of Good Faith and Fair Dealing

29. GBI incorporates its responses to Paragraphs 1 – 28 of the Counterclaims.

30. Denied. Additionally, the allegations in this paragraph constitute a legal conclusion to which no response is required.

31. Denied. Additionally, the allegations in this paragraph constitute a legal conclusion to which no response is required.

32. Denied. Additionally, the allegations in this paragraph constitute a legal conclusion to which no response is required.

33. Denied. Additionally, the allegations in this paragraph constitute a legal conclusion to which no response is required.

## COUNT THREE
### Accounting

34. GBI incorporates its responses to Paragraphs 1 – 33 of the Counterclaims.

35. Denied. Additionally, the allegations in this paragraph constitute a legal conclusion to which no response is required.

## GENERAL DENIAL AND RESPONSE

GBI generally denies each and every remaining allegation in the Counterclaims that has not been previously admitted, denied or answered. GBI specifically denies that JH Trademark is entitled to any of the relief that it requests.

### First Affirmative Defense

JH Trademark is barred from recovery by failing to state a claim upon which relief may be granted.

### Second Affirmative Defense

JH Trademark's claims are barred by the doctrines of estoppel, waiver, accord and satisfaction, by the statute of limitations, and by the statute of frauds.

### Third Affirmative Defense

JH Trademark's claims are barred by its own failure to mitigate its damages.

### Fourth Affirmative Defense

JH Trademark's breach of contract claim is barred due to JH Trademark's failure to plead the essential elements of the same, namely that JH Trademark has performed all of its obligations under the Letter Agreement.

### Fifth Affirmative Defense

JH Trademark's claims are barred due to JH Trademark's material breach of the Letter Agreement.

### Sixth Affirmative Defense

JH Trademark's claims for attorneys' fees are barred because JH Trademark does not cite an explicit statutory or contractual provision authorizing recovery of fees.

### Seventh Affirmative Defense

JH Trademark's claims are barred because they are being interposed to needlessly increase the cost of litigating this dispute.

### Eighth Affirmative Defense

JH Trademark's claims are barred because they lack evidentiary support and are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

WHEREFORE, Garber Bros., Inc. prays that JH Trademark Company, LLC's counterclaims be dismissed with prejudice and it be awarded costs.

Respectfully Submitted,

GARBER BROS., INC.

By its attorney

*[signature]*

THE LAW OFFICE OF TERRY KLEIN
Terry Klein, BBO# 652052
1558 Dorchester Avenue, Ste. 202
Dorchester, Massachusetts 02122
Telephone: (617) 825-8175
Facsimile: (617) 507-6454

Dated: July 22, 2004

### CERTIFICATE OF SERVICE

I, Terry Klein, hereby certified that on July 22, 2004, I served a true copy of this document by first class mail upon counsel to JH Trademark Company, LLC, David C. Nunheimer, Esq., 336 South Street, Hyannis, Massachusetts 02601.

*[signature]*

Terry Klein

# PALMER & DODGE LLP

111 HUNTINGTON AVENUE AT PRUDENTIAL CENTER
BOSTON, MA 02199-7613

RUTH T. DOWLING
(617) 239-0657
rdowling@palmerdodge.com

**BY HAND DELIVERY**

July 22, 2004

Clerk of Court
United States District Court
One Courthouse Way
Boston, MA 02110

Re:  *Paul E. Platten; Thomas P. Flannery; and Bruce N. Pfau v. HG Bermuda Exempted Limited; HG (Bermuda) Exempted Partnership; Hay Group Investment Holding B.V.; Hay Acquisition Company I, Inc.; Hay Group Inc.; and Chris R. Matthews*
Civil Action No. 03-11320-RCL

Dear Sir/Madam:

Enclosed for filing please find defendants' HG Bermuda Exempted Limited and Hay Group Investment Holding B.V. Assented-to Motion for Extension of Time to Respond to Plaintiffs' (1) Motion for Partial Reconsideration or in the Alternative to Defer Ruling; and (2) Motion for Leave to Amend Complaint.

Thank you for your attention to this matter.

Very truly yours,

Ruth T. Dowling

RTD/jls
Enclosure

cc:  Robert Cohan, Esq. (by Hand Delivery)
     Michael Boudett, Esq., (by Hand Delivery)
     Michael Verde, Esq., (by Overnight Mail)

MAIN 617.239.0100  FAX 617.227.4420  www.palmerdodge.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| |
|---|
| Paul E. Platten, Thomas P. Flannery and Bruce N. Pfau, |
| Plaintiffs, |
| v. |
| HG Bermuda Exempted Limited, HG (Bermuda) Exempted Partnership, Hay Group Investment Holding B.V., Hay Acquisition Company I, Inc., Hay Group Inc., and Chris R. Matthews, |
| Defendants. |

Civil Action
No. 03-11320-RCL

ASSENTED-TO MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' (1) MOTION FOR PARTIAL RECONSIDERATION OR IN THE ALTERNATIVE TO DEFER RULING; AND (2) MOTION FOR LEAVE TO AMEND COMPLAINT

Defendants HG Bermuda Exempted Limited ("HG Bermuda") and Hay Group Investment Holding B.V. ("Hay Group Investment") respectfully move this Court for a one-week extension of time within which to respond to plaintiffs' Motion for Partial Reconsideration or in the Alternative to Defer Ruling Pending Discovery Limited to Jurisdiction and Motion for Leave to Amend Complaint. The one-week extension is necessitated by the vacation schedules of counsel. The new due date for defendants' responses will be July 30, 2004 rather than July 23, 2004.

Pursuant to Local Rule 7.1, defendants certify that they conferred with plaintiffs' counsel regarding the issues presented in this motion and the plaintiffs assented to this brief extension of time.

HG Bermuda Exempted Limited, HG (Bermuda) Exempted Partnership, Hay Group Investment Holding B.V.

By their attorneys,

Ruth Dowling

Ruth T. Dowling (BBO # 645568)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199-7613
(617) 239-0100

Michael I. Verde, Esq.
Michael Gallagher, Esq.
KATTEN MUCHIN ZAVIS ROSENMAN
575 Madison Avenue
New York, NY 10022

July 22, 2004

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by hand delivery on July 22, 2004.

Ruth Dowling