08/16/04
Sky

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:04-11459RCL

**GARBER BROTHERS, INC.**

    Plaintiff,

vs.

**JH TRADEMARK COMPANY, LLC**

    Defendant.

## DEFENDANT JH TRADEMARK COMPANY, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR SHORT ORDER OF NOTICE

Defendant JH Trademark Co., L.L.C. ("JH"), by and through undersigned counsel, hereby responds to Plaintiff Garber Brothers, Inc.'s ("GBI") Motion for Short Order of Notice ("Motion"). GBI's Motion should be denied.

**I.  GBI Has Not Demonstrated a Pressing Need for Expedited Action.**

GBI filed its original action on June 5, 2004, seeking a preliminary injunction. The hearing was initially rescheduled to June 29, 2004, and then removed to this Court. Thereafter, the parties engaged in settlement negotiations from mid-June to July 6, 2004. GBI then did nothing until filing the present motion nearly a month later.

GBI represents in its Motion that "GBI and Defendant have been engaged in settlement negotiations since Defendant removed this case. The settlement negotiations have not been successful."

1

Motion at ¶ 6. The last "settlement negotiation" was a proposal from JH to GBI on July 6, 2004, nearly a month before Plaintiff's Motion. E-mail from Brad Denton to Terry Klein, dated July 6, 2004, attached as Exhibit A. It is now August, and GBI has not demonstrated that its need is suddenly immediate after the expiration of an additional two months since its original suit against JH. GBI's actions demonstrate that there is no need for expedited action in the case at hand, and there is no need for this Court to enter a Short Order of Notice.

## II. A Shortened Hearing Schedule Places Great Hardship on JH.

JH is an Arizona corporation, and it is costly in both time and money for JH to travel to this Court. There is already a scheduling conference set for September 22, for which JH is already making travel arrangements. It would be a hardship for JH to appear before this Court on short notice in August, and then to reappear the following month for an already scheduled hearing. It is in the best interest of judicial economy to hear oral arguments at the already scheduled hearing, or perhaps the day before.

## III. GBI Cannot Show That JH Has Harmed It.

GBI has argued that it is "suffering ongoing irreparable harm due to Defendant's continued retention of GBI's confidential information and Defendant's improper and abusive contact with GBI customers." Motion at ¶ 7. However, the only "confidential information" from GBI which could be in JH's possession are the names and locations of retailers whom GBI services. Affidavit of Mark A. Greenburg ¶ 8, attached as Exhibit B. There is no evidence that GBI keeps these customer names secret or prevents customers from telling others that they buy products from GBI. Moreover, the customers at issue have signed separate contracts with JH and placed JH's equipment in their stores. *Id.* at ¶ 7.

GBI's Motion seeks to prevent JH from contacting its own customers! GBI's claim for damages based on this "misappropriation" of "trade secrets" must fail and cannot demonstrate irreparable harm.

Further, the alleged "abusive conduct" at issue relates to JH's attempt to recover equipment from customers who refused to return JH's equipment in violation of their agreement with JH. *Id.* at ¶ 10-11. In one case, the store owner told JH he had concealed JH's equipment in his garage at home and would not return it. There has been no abusive conduct, no misappropriation of trade secrets, and no showing that JH is committing any acts which cause irreparable harm to GBI. GBI's Motion should be denied.

## IV.  Conclusion.

For the foregoing reasons, JH moves that this Court deny GBI's Motion for Short Order of Notice and set the hearing for GBI's Motion for a Preliminary Injunction for September 22, 2004, when both parties will already be appearing before this Court.

Respectfully submitted
The defendant by its attorney

David C. Nunheimer, Esq. 546764
336 South Street
Hyannis, MA  02601
508-775-0763
fax  508-790-0072

## Certificate of Service

I certify under the pains and penalties of perjury that I have served the foregoing on all parties by mail postage prepaid this 12TH day of August, 2004.

_David C. Nunheimer_

# EXHIBIT A

Subject: Re: GBI/JH Trademark
From: "Brad Denton" <brad@gundersondenton.com>
Date: Tue, 6 Jul 2004 10:23:01 -0700
To: "Terry Klein" <tklein@lawtk.com>
BCC: "Mark A Greenburg" <mag83@cox.net>

Thanks for your patience, Terry. Hope you had a great holiday.

I've talked to Mark about our informal settlement negotiations. Unfortunately the idea of JH paying money to Garber Brothers at this point is a non-starter. Mark will not write that check. The saving grace on that issue is that it's a pretty small amount of money, and so hopefully a straight walk-away, as we initially discussed, will work.

As far as the harassment language goes, here is our concern: JH still has some units located in stores. Those stores are JH's customers, as well as Garber Brothers' customers. JH needs to be able to deal with those customers, including following up with them if they don't keep their agreement with us. For example, the letter you sent me was necessary because that store owner had refused to return the merchandiser. Obviously, that's a substantial blow for JH. We need to be able to follow up to recover our machinery. As I read your language, there's no allowance for that sort of correspondence with the customer. Maybe we could add a phrase saying (in more graceful language) that as long as they're not in breach we won't pester them, along perhaps with a sentence saying that the non-harassment provisions are not intended to prevent JH from exercising its contractual rights vis-a-vis these store owners.

Also, it seems to me that paragraph C is a problem because it's not certain that such communications would cause irreparable harm. Certainly it seems like they haven't in the most recent letter. But let me know your thoughts on this. Also, we can't agree to a provision that says that any customer complaint proves a breach. That just creates too many problems.

Let's talk about coming to an agreement within these parameters. It seems like settlement still makes sense for everyone for several reasons:

1. It doesn't make sense for JH to waste its money on hearings in Boston.
2. You've seen our counterclaim now, and it's pretty clear that both parties have risk in this case.
3. I understand your clients' worry about its relationship with its customers. Those relationships are going to be even more strained when those owners are subpoenaed to be witnesses in the case, which I have to think they will be.

I look forward to talking with you soon.

Brad A. Denton
Gunderson, Denton & Proffitt, P.C.
123 N. Centennial Way, Suite 150
Mesa, AZ  85201
(480) 655-7440
(480) 655-7099 (fax)

# EXHIBIT B

1.  My name is Mark Greenburg. I am over the age of 18 and competent to complete this Affidavit. I have personal knowledge of the matters herein, and could testify to them in court if necessary.

2.  I am the president of the administrative member of JH Trademark Co., L.L.C. ("JH"), the management company for Philipe's French Bread Pizza.

3.  Better Baked Foods, Inc. ("BBF") a Pennsylvania corporation, produces Philipe's Pizza under the direction of JH.

4.  BBF, in turn, sells Philipe's Pizza to regional distributors.

5.  Regional distributors, in turn, sell Philipe's Pizza to retailers who sell the pizza to consumers.

6.  Individual retailers sign a JH Equipment Company, LLC Pizza Place Merchandiser Loan Agreement ("Merchandiser Agreement") with JH, in which JH provides the individual retailer with a Pizza Place Merchandiser ("Merchandiser") and the individual retailer agrees to use the Merchandiser solely to sell Philipe's Pizza and to return the Merchandiser in the event the agreement is terminated.

7.  Garber Brothers, Inc. ("GBI") acted as a distributor for Philipe's Pizza and contacted retailers who then signed Merchandiser Agreements with JH. Three sample Merchandiser Agreements from retailers contacted by GBI are attached as Exhibit A.

8.  The only "confidential/proprietary information" which JH could have received from GBI would be the names of retailers serviced by GBI, however, those names are the

1

same names of retailers who signed separate Merchandiser Agreements with JH, and who received Merchandisers from JH.

9. JH has retained the names and locations of these retailers in order to know which retailers have signed Merchandiser Agreements and where the Merchandisers were located. JH cannot simply ignore the names and locations of retailers where over $300,000 of equipment was located.

10. JH retrieved its Merchandisers from almost all of the retailers with the exception of two who refused to return their equipment. One retailer had even placed the Merchandiser in his garage and had refused to return the Merchandiser.

11. JH sent demand letters to the two retailers who refused to return the equipment.

12. One retail chain formerly serviced by GBI continues to do business with JH. This retail chain is Tedeschii Foods, who contacted JH initially requesting that JH loan them machines. In February 2004, JH had a meeting to speak to Tedeschii Foods about their poor performance with JH's equipment. JH also confronted Tedeschii about the fact that there were products other than JH products in the machines. At that meeting, Tedeschii told JH that they felt that GBI could not adequately service them with frozen food because they had very little experience handling frozen food. Tedeschii, facing the removal of their loaned equipment, requested that they be serviced through Dari Farms Ice Cream, Inc. ("Dari Farms"), another authorized distributor of Philipe's Pizza.

13. JH has signed no covenant to compete with GBI. In fact, JH does not and cannot compete with GBI. JH loans equipment to retail establishments so long as they purchase Philipe's Pizza from authorized distributors.

2

1  I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
2  CORRECT.
3
4  _____
   Mark Greenburg
5
   8/11/04
6  Dated

# EXHIBIT A



**JH TRADEMARK COMPANY, LLC**
Management Company for Philipe's®

## JH Equipment Company, LLC Pizza Place™ Merchandiser Loan Agreement

Company Name __LI'L PEACH #452 SALEM__

Store Name __LIL PEACH__   Store Number __452__

Company Contact Name __TESSY__   Phone Number __(978) 744 4231__

Address __72 LORING AVE__   City __SALEM__

State __MA__   Zip __01970__   Phone Number __(617) 840-3187__

Distributor _____   Warehouse _____

Distributor Account Number __11954__

---

JH Equipment Co, LLC, Agrees to:

1) Provide a Pizza Place Merchandiser™ for use at your location listed above.
2) Provide a User's Manual with instructions on the use of the merchandiser.
3) Provide a toll-free service and help-line at 866-454-2755.

Customer Agrees to:

1) Use the Philipe's Pizza® Place Merchandiser™ exclusively to sell Philipe's Pizza.
2) Accept an initial 4 case distribution from your distributor (Attached Distribution Form must be filled out)
3) Maintain the Philipe's® Pizza Place Merchandiser™ according to instructions in User's Manual.
4) Call JH Trademark Service Hotline if the equipment fails to operate correctly.
5) Not sell, lease, or loan the Philipe's Pizza® Place Merchandiser™ to any other party.
6) Achieve an average daily sales rate of 4 pizza's per day over a 6 month period.
7) Return the equipment in working order to JH Trademark Company in the event this agreement is broken or either party desires to end the agreement.

ALL PHILIPE'S® PIZZA PLACE MERCHANDISERS™ REMAIN THE PROPERTY OF THE JH EQUIPMENT COMPANY, LLC.

Accepted By:

__PERVEZ CHOWDHURY__   _[signature]_   __5/15/03__
Customer Name (Print)   Signature   Date

JH Equipment Company, LLC Agreement Terms – Page Two

**WARRANTY:** JH Equipment Company, LLC, the "Company", warrants, to Customer, Pizza Place Merchandiser manufactured to be free from defects in material and workmanship. Company's obligation under this warranty shall be limited to replacing or repairing at their option, without charge, any part found to be defective and any labor and material expense incurred by JH Equipment Company, LLC in repairing or replacing such part. Such warranty to be in place provided terms of payment and Philipe's Pizza product usage have been fully met. In no event will Company be liable in any special incidental or consequential damage relating to the Pizza Place Merchandiser.

**USE OF PIZZA PLACE MERCHANDISER:** Customer shall use the Pizza Place Merchandiser as intended, as detailed in the User's Manual, shall keep the Pizza Place in good working order, and shall comply with all laws relating to its possession, use or maintenance, and shall not make any alterations or additions to the Pizza Place Merchandiser.

**LOSS AND DAMAGE:** Customer shall bear the entire risk of loss, theft, damage or destruction of the Pizza Place Merchandiser from any cause whatsoever, and no loss, theft, damage or destruction of the Pizza Place Merchandiser shall relieve Customer of the obligation to comply with any other obligation under the Agreement.

**PURCHASE REQUIREMENT:** Customer agrees to purchase only Philipe's Pizza, for use in the patented Pizza Place Merchandiser, from authorized distributor. If you fail to purchase Philipe's Pizza, you might be asked to return the JH Equipment Company, LLC Pizza Place Merchandiser at JH Equipment Company, LLC's expense.

**DISCONTINUATION OF COMPETING PRODUCTS:** Customer agrees to discontinue the use of all frozen pizzas sold in merchandiser that would be similar in design or function to the patented Philipe's Pizza place.

**ASSIGNMENT:** Customer shall not assign this agreement or sell, lease or transfer the Pizza Place Merchandiser. Customer acknowledges that the Pizza Place Merchandiser is and shall remain, the property of JH Equipment Company, LLC Products Corporation. Further, Customer agrees to allow JH Equipment Company to remove the Pizza Place Merchandiser from Customer's place or places of business after providing Customer with written notice two weeks prior to date of removal. Customer agrees not to remove or obscure any identifying property, serial, or instructional labels placed on the Pizza Place Merchandiser by JH Equipment Company, LLC.

**DEFAULT:** Customer shall be in default of this Agreement if, with or without notice from Company: Customer shall fail to make any payment due, or Customer shall fail to observe, keep or perform any other provision of this Agreement, including but not limited to the maintenance of all terms or if Customer has made any misleading or false statement in connection with application for or performance of this Agreement; or the Equipment or any part thereof shall be subject to any lien, levy, seizure, assignment, transfer, encumbrance, application, attachment, execution, sublease, or sale without prior written consent of Company, or if Customer shall abandon the Equipment or permit any other entity or person to use the Equipment without prior written consent of Company. If Customer sells a non-Philipe's branded product from the freezer merchandiser unit, the Company reserves the right to immediately confiscate and remove machine from Customer's premises, and Customer waives right to seek redress or damages from said removal.

**EXPIRATION AND TERMINATION:** Upon the expiration or termination of this Agreement, or in the event of a default, Customer, at Company's expense, shall return the Equipment in good repair, ordinary wear and tear resulting from proper use thereof alone excepted, by delivering it, packed and ready for shipment with materials supplied by Company, to such place or carrier as Company may specify.

**CUSTOMER INDEMNIFICATION OF COMPANY:** Customer shall indemnify, defend and hold Company harmless for, from and against any and all claims, actions, costs, losses, expenses, damages or liabilities, (collectively referred to hereafter as "Damages") arising out of or in any way connected with (i) the use of the Pizza Place Merchandiser Equipment by the Customer to the extent such Damages are the result of the sole negligence of the Customer or Customer's employees, (ii) the failure of the Customer or Customer's employees to comply with the operating procedures of the Pizza Place Merchandiser or any Legal Requirement (iii) any illegal acts or omissions of Customer or Customer's employees.

**COMPANY INDEMNIFICATION OF CUSTOMER:** Company shall indemnify and hold Customer, and its employees, harmless from and against any and all causes of actions, judgments, suits, demands, fines, penalties, claims, damages, or liabilities, (collectively referred to hereafter as "Damages") against any of the Indemnified Parties arising out of (i) malfunction of the Pizza Place Merchandiser Equipment, (ii) a breach of any warranty contained in this Agreement, (iii) any other damage, claims or liabilities resulting from the use of the JH Equipment Company, LLC Pizza Place Merchandiser that is not a direct result of the negligence of the Customer or Customers.

**MISCELLANEOUS:** This agreement: (a) is the entire agreement between the parties; (b) is severable as to any word or provision that is unenforceable; (c) will be governed by the laws of Arizona; (d) may only be modified or amended by a writing signed by both parties, or a provision waived by a writing signed by the waiving party; (e) is binding on the parties' permitted successors and assigns; (f) may be specifically enforced; and (g) is subject to exclusive jurisdiction and venue of the courts located in Maricopa County, Arizona, except the enforcement of an arbitration award or claim for equitable relief may be enforced in any court. Any notices shall be effective when sent by facsimile, delivered to the other party in person, by private carrier or by registered mail to the parties' addresses herein. Each party shall promptly sign additional documents and perform additional acts reasonably necessary to conform to its obligations herein.

_____   5/15/03   PERVEZ CHOWDHURY
Customer Signature                   Date      Printed Name

Mail Completed Agreement to :
JH Equipment Company, LLC
6336 N. 48th Place
Paradise Valley, AZ 85253
or Fax to: (480) 342-9964



**JH TRADEMARK COMPANY, LLC**
Management Company for Philipe's®

## JH Equipment Company, LLC Pizza Place™ Merchandiser Loan Agreement

Company Name _____

Store Name __Auburn Shell__     Store Number __3888__

Company Contact Name __Dale__     Phone Number (___) ___-____

Address __712 Southbridge St__     City __Auburn__

State __MA__ Zip __01501__     Phone Number __(508) 832-0756__

Distributor __Gerber Bros.__     Warehouse _____

Distributor Account Number _____

---

JH Equipment Co, LLC, Agrees to:

1) Provide a Pizza Place Merchandiser™ for use at your location listed above.
2) Provide a User's Manual with instructions on the use of the merchandiser.
3) Provide a toll-free service and help-line at 866-454-2755.

Customer Agrees to:

1) Use the Philipe's Pizza® Place Merchandiser™ exclusively to sell Philipe's Pizza.
2) Accept an initial 4 case distribution from your distributor (Attached Distribution Form must be filled out)
3) Maintain the Philipe's® Pizza Place Merchandiser™ according to instructions in User's Manual.
4) Call JH Trademark Service Hotline if the equipment fails to operate correctly.
5) Not sell, lease, or loan the Philipe's Pizza® Place Merchandiser™ to any other party.
6) Achieve an average daily sales rate of 4 pizza's per day over a 6 month period.
7) Return the equipment in working order to JH Trademark Company in the event this agreement is broken or either party desires to end the agreement.

ALL PHILIPE'S® PIZZA PLACE MERCHANDISERS™ REMAIN THE PROPERTY OF THE JH EQUIPMENT COMPANY, LLC.

Accepted By:

__Dale Massih__     __D Massih__     __5/2/03__
Customer Name (Print)     Signature     Date

## JH Equipment Company, LLC Agreement Terms – Page Two

**WARRANTY:** JH Equipment Company, LLC, the "Company", warrants, to Customer, Pizza Place Merchandiser manufactured to be free from defects in material and workmanship. Company's obligation under this warranty shall be limited to replacing or repairing at their option, without charge, any part found to be defective and any labor and material expense incurred by JH Equipment Company, LLC in repairing or replacing such part. Such warranty to be in place provided terms of payment and Philipe's Pizza product usage have been fully met. In no event will Company be liable in any special incidental or consequential damage relating to the Pizza Place Merchandiser.

**USE OF PIZZA PLACE MERCHANDISER:** Customer shall use the Pizza Place Merchandiser as intended, as detailed in the User's Manual, shall keep the Pizza Place in good working order, and shall comply with all laws relating to its possession, use or maintenance, and shall not make any alterations or additions to the Pizza Place Merchandiser.

**LOSS AND DAMAGE:** Customer shall bear the entire risk of loss, theft, damage or destruction of the Pizza Place Merchandiser from any cause whatsoever, and no loss, theft, damage or destruction of the Pizza Place Merchandiser shall relieve Customer of the obligation to comply with any other obligation under the Agreement.

**PURCHASE REQUIREMENT:** Customer agrees to purchase only Philipe's Pizza, for use in the patented Pizza Place Merchandiser, from authorized distributor. If you fail to purchase Philipe's Pizza, you might be asked to return the JH Equipment Company, LLC Pizza Place Merchandiser at JH Equipment Company, LLC's expense.

**DISCONTINUATION OF COMPETING PRODUCTS:** Customer agrees to discontinue the use of all frozen pizzas sold in merchandiser that would be similar in design or function to the patented Philipe's Pizza place.

**ASSIGNMENT:** Customer shall not assign this agreement or sell, lease or transfer the Pizza Place Merchandiser. Customer acknowledges that the Pizza Place Merchandiser is and shall remain, the property of JH Equipment Company, LLC Products Corporation. Further, Customer agrees to allow JH Equipment Company to remove the Pizza Place Merchandiser from Customer's place or places of business after providing Customer with written notice two weeks prior to date of removal. Customer agrees not to remove or obscure any identifying property, serial, or instructional labels placed on the Pizza Place Merchandiser by JH Equipment Company, LLC.

**DEFAULT:** Customer shall be in default of this Agreement if, with or without notice from Company: Customer shall fail to make any payment due, or Customer shall fail to observe, keep or perform any other provision of this Agreement, including but not limited to the maintenance of all terms or if Customer has made any misleading or false statement in connection with application for or performance of this Agreement; or the Equipment or any part thereof shall be subject to any lien, levy, seizure, assignment, transfer, encumbrance, application, attachment, execution, sublease, or sale without prior written consent of Company, or if Customer shall abandon the Equipment or permit any other entity or person to use the Equipment without prior written consent of Company. If Customer sells a non-Philipe's branded product from the freezer merchandiser unit, the Company reserves the right to immediately confiscate and remove machine from Customer's premises, and Customer waives right to seek redress or damages from said removal.

**EXPIRATION AND TERMINATION:** Upon the expiration or termination of this Agreement, or in the event of a default, Customer, at Company's expense, shall return the Equipment in good repair, ordinary wear and tear resulting from proper use thereof alone excepted, by delivering it, packed and ready for shipment with materials supplied by Company, to such place or carrier as Company may specify.

**CUSTOMER INDEMNIFICATION OF COMPANY:** Customer shall indemnify, defend and hold Company harmless for, from and against any and all claims, actions, costs, losses, expenses, damages or liabilities, (collectively referred to hereafter as "Damages") arising out of or in any way connected with (i) the use of the Pizza Place Merchandiser Equipment by the Customer to the extent such Damages are the result of the sole negligence of the Customer or Customer's employees, (ii) the failure of the Customer or Customer's employees to comply with the operating procedures of the Pizza Place Merchandiser or any Legal Requirement (iii) any illegal acts or omissions of Customer or Customer's employees.

**COMPANY INDEMNIFICATION OF CUSTOMER:** Company shall indemnify and hold Customer, and its employers, harmless from and against any and all causes of actions, judgments, suits, demands, fines, penalties, claims, damages, or liabilities, (collectively referred to hereafter as "Damages") against any of the indemnified Parties arising out of (i) malfunction of the Pizza Place Merchandiser Equipment, (ii) a breach of any warranty contained in this Agreement, (iii) any other damage, claims or liabilities resulting from the use of the JH Equipment Company, LLC Pizza Place Merchandiser that is not a direct result of the negligence of the Customer or Customers.

**MISCELLANEOUS:** This agreement: (a) is the entire agreement between the parties; (b) is severable as to any word or provision that is unenforceable; (c) will be governed by the laws of Arizona; (d) may only be modified or amended by a writing signed by both parties, or a provision waived by a writing signed by the waiving party; (e) is binding on the parties' permitted successors and assigns; (f) may be specifically enforced; and (g) is subject to exclusive jurisdiction and venue of the courts located in Maricopa County, Arizona, except the enforcement of an arbitration award or claim for equitable relief may be enforced in any court. Any notices shall be effective when sent by facsimile, delivered to the other party in person, by private carrier or by registered mail to the parties' addresses herein. Each party shall promptly sign additional documents and perform additional acts reasonably necessary to conform to its obligations herein.

| _____ | 5/2/03 | _____ |
|---|---|---|
| Customer Signature | Date | Printed Name Dale Masih |

Mail Completed Agreement to :
JH Equipment Company, LLC
6336 N. 48th Place
Paradise Valley, AZ 85253
or Fax to: (480) 342-9964



**JH TRADEMARK COMPANY, LLC**
Management Company for Philipe's®

## JH Equipment Company, LLC Pizza Place™ Merchandiser Loan Agreement

Company Name _____

Store Name  K+J VARIETY                    Store Number _____

Company Contact Name  Bob                  Phone Number (781) 641-0111

Address  94 Summer ST.                     City  Arlington

State  MA   Zip  02474                     Phone Number (781) 641-0111

Distributor  GARBER BROS.                  Warehouse _____

Distributor Account Number  5119

**JH Equipment Co, LLC, Agrees to:**

1) Provide a Pizza Place Merchandiser™ for use at your location listed above.
2) Provide a User's Manual with instructions on the use of the merchandiser.
3) Provide a toll-free service and help-line at 866-454-2755.

**Customer Agrees to:**

1) Use the Philipe's Pizza® Place Merchandiser™ exclusively to sell Philipe's Pizza.
2) Accept an Initial 4 case distribution from your distributor (Attached Distribution Form must be filled out)
3) Maintain the Philipe's® Pizza Place Merchandiser™ according to instructions in User's Manual.
4) Call JH Trademark Service Hotline if the equipment fails to operate correctly.
5) Not sell, lease, or loan the Philipe's Pizza® Place Merchandiser™ to any other party.
6) Achieve an average daily sales rate of 4 pizza's per day over a 6 month period.
7) Return the equipment in working order to JH Trademark Company in the event this agreement is broken or either party desires to end the agreement.

ALL PHILIPE'S® PIZZA PLACE MERCHANDISERS™ REMAIN THE PROPERTY OF THE JH EQUIPMENT COMPANY, LLC.

Accepted By:

_Bob Thomas_                _[signature]_                    _5/2/03_
Customer Name (Print)        Signature                         Date

## JH Equipment Company, LLC Agreement Terms – Page Two

**WARRANTY:** JH Equipment Company, LLC, the "Company", warrants, to Customer, Pizza Place Merchandiser manufactured to be free from defects in material and workmanship. Company's obligation under this warranty shall be limited to replacing or repairing at their option, without charge, any part found to be defective and any labor and material expense incurred by JH Equipment Company, LLC in repairing or replacing such part. Such warranty to be in place provided terms of payment and Philipe's Pizza product usage have been fully met. In no event will Company be liable in any special incidental or consequential damage relating to the Pizza Place Merchandiser.

**USE OF PIZZA PLACE MERCHANDISER:** Customer shall use the Pizza Place Merchandiser as intended, as detailed in the User's Manual, shall keep the Pizza Place in good working order, and shall comply with all laws relating to its possession, use or maintenance, and shall not make any alterations or additions to the Pizza Place Merchandiser.

**LOSS AND DAMAGE:** Customer shall bear the entire risk of loss, theft, damage or destruction of the Pizza Place Merchandiser from any cause whatsoever, and no loss, theft, damage or destruction of the Pizza Place Merchandiser shall relieve Customer of the obligation to comply with any other obligation under the Agreement.

**PURCHASE REQUIREMENT:** Customer agrees to purchase only Philipe's Pizza, for use in the patented Pizza Place Merchandiser, from authorized distributor. If you fail to purchase Philipe's Pizza, you might be asked to return the JH Equipment Company, LLC Pizza Place Merchandiser at JH Equipment Company, LLC's expense.

**DISCONTINUATION OF COMPETING PRODUCTS:** Customer agrees to discontinue the use of all frozen pizzas sold in merchandiser that would be similar in design or function to the patented Philipe's Pizza place.

**ASSIGNMENT:** Customer shall not assign this agreement or sell, lease or transfer the Pizza Place Merchandiser. Customer acknowledges that the Pizza Place Merchandiser is and shall remain, the property of JH Equipment Company, LLC Products Corporation. Further, Customer agrees to allow JH Equipment Company to remove the Pizza Place Merchandiser from Customer's place or places of business after providing Customer with written notice two weeks prior to date of removal. Customer agrees not to remove or obscure any identifying property, serial, or instructional labels placed on the Pizza Place Merchandiser by JH Equipment Company, LLC.

**DEFAULT:** Customer shall be in default of this Agreement if, with or without notice from Company: Customer shall fail to make any payment due, or Customer shall fail to observe, keep or perform any other provision of this Agreement, including but not limited to the maintenance of all terms or if Customer has made any misleading or false statement in connection with application for or performance of this Agreement; or the Equipment or any part thereof shall be subject to any lien, levy, seizure, assignment, transfer, encumbrance, application, attachment, execution, sublease, or sale without prior written consent of Company, or if Customer shall abandon the Equipment or permit any other entity or person to use the Equipment without prior written consent of Company. If Customer sells a non-Philipe's branded product from the freezer merchandiser unit, the Company reserves the right to immediately confiscate and remove machine from Customer's premises, and Customer waives right to seek redress or damages from said removal.

**EXPIRATION AND TERMINATION:** Upon the expiration or termination of this Agreement, or in the event of a default, Customer, at Company's expense, shall return the Equipment in good repair, ordinary wear and tear resulting from proper use thereof alone excepted, by delivering it, packed and ready for shipment with materials supplied by Company, to such place or carrier as Company may specify.

**CUSTOMER INDEMNIFICATION OF COMPANY:** Customer shall indemnify, defend and hold Company harmless for, from and against any and all claims, actions, costs, losses, expenses, damages or liabilities, (collectively referred to hereafter as "Damages") arising out of or in any way connected with (i) the use of the Pizza Place Merchandiser Equipment by the Customer to the extent such Damages are the result of the sole negligence of the Customer or Customer's employees, (ii) the failure of the Customer or Customer's employees to comply with the operating procedures of the Pizza Place Merchandiser or any Legal Requirement (iii) any illegal acts or omissions of Customer or Customer's employees.

**COMPANY INDEMNIFICATION OF CUSTOMER:** Company shall indemnify and hold Customer, and its employees, harmless from and against any and all causes of actions, judgments, suits, demands, fines, penalties, claims, damages, or liabilities, (collectively referred to hereafter as "Damages") against any of the Indemnified Parties arising out of (i) malfunction of the Pizza Place Merchandiser Equipment (ii) a breach of any warranty contained in this Agreement, (iii) any other damage, claims or liabilities resulting from the use of the JH Equipment Company, LLC Pizza Place Merchandiser that is not a direct result of the negligence of the Customer or Customers.

**MISCELLANEOUS:** This agreement: (a) is the entire agreement between the parties; (b) is severable as to any word or provision that is unenforceable; (c) will be governed by the laws of Arizona; (d) may only be modified or amended by a writing signed by both parties, or a provision waived by a writing signed by the waiving party; (e) is binding on the parties' permitted successors and assigns; (f) may be specifically enforced; and (g) is subject to exclusive jurisdiction and venue of the courts located in Maricopa County, Arizona, except the enforcement of an arbitration award or claim for equitable relief may be enforced in any court. Any notices shall be effective when sent by facsimile, delivered to the other party in person, by private carrier or by registered mail to the parties' addresses herein. Each party shall promptly sign additional documents and perform additional acts reasonably necessary to conform to its obligations herein.

_____  _5/2/07_  _BOB THOMAS_
Customer Signature            Date      Printed Name

Mail Completed Agreement to :
JH Equipment Company, LLC
6336 N. 48th Place
Paradise Valley, AZ 85253
or Fax to: (480) 342-9964