1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GUNDERSON, DENTON & PROFFITT, P.C.
ATTORNEYS AND COUNSELLORS AT LAW
123 N. CENTENNIAL WAY, SUITE 150
MESA, AZ 85201

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:04-11459RCL

**GARBER BROTHERS, INC.**

    **Plaintiff,**

vs.

**JH TRADEMARK COMPANY, LLC**

    **Defendant.**

## DEFENDANT JH TRADEMARK COMPANY, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Defendant/Counterclaimant JH Trademark Co., L.L.C. ("JH"), by and through undersigned counsel, hereby responds in objection to Plaintiff/Counterclaim Defendant Garber Brothers, Inc.'s ("GBI") Motion for a Preliminary Injunction ("Motion"). GBI's Motion should be denied because GBI cannot establish any of the four elements that it must show before a preliminary injunction may be granted. This Response is supported by a Memorandum of Points and Authorities, the attached exhibits, and the entire file in this case.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    Facts.

JH owns the Philipe's Pizza brand name. Better Baked Foods, Inc. ("BBF") a Pennsylvania corporation that is not a party, produces Philipe's Pizza under the direction of JH. BBF, in turn, sells Philipe's Pizza to regional distributors such as GBI. The regional distributors then sell Philipe's Pizza to retailers, who sell the pizza to consumers.

JH and GBI signed a Letter of Agreement in June 2003 ("Letter Agreement"), which memorializes this arrangement. The Letter Agreement is attached as Exhibit A. Pursuant to the Letter Agreement, GBI was required to present retailers with JH's Merchandiser Agreement, which the retailers would then sign. Under the Merchandiser Agreement, JH lent each retailer a Pizza Place Merchandiser ("Merchandiser"), which is a customized freezer and microwave unit that stores and cooks Philipe's Pizza. Under the Merchandiser Agreement, the retailer agrees to use the Merchandiser solely to sell Philipe's Pizza and to return the Merchandiser to JH after the Merchandiser Agreement is terminated. Affidavit of Mark A. Greenburg ¶¶ 2-6, attached as Exhibit B.

After placing Merchandisers with each retailer, obviously JH retained the names and locations of these retailers. This was so that JH would know where its Merchandisers were located and how to contact the retailers with whom it had contracted. JH placed about $300,000 worth of its Merchandisers with retailers who were located by GBI. *Id.* ¶ 9.

GBI's job was to distribute Philipe's Pizza to the retailers and support JH in various ways. However, GBI failed in many of these duties. For example, GBI failed to collect the required deposits from stores, failed to support JH in recovering Merchandisers from

underperforming stores, and did not market the Philipe's Pizza product using its best efforts, and GBI intentionally provided stores with outdated and incorrect agreements (which GBI believed reduced its workload but increased JH's expense). JH terminated the contract as a result. *See* Counterclaim, ¶¶ 9-18.

After the termination, a small amount of Philipe's Pizza remained in GBI's possession. JH offered to repurchase that inventory if allowed to inspect it first to ensure it had not been damaged. GBI refused to allow JH to inspect the frozen pizza inventory. *See* Letter from Brad Denton to Jodi Garber on April 22, 2004, attached as Exhibit C. The parties exchanged correspondence on this inventory issue from April through July 2004.

JH retrieved its Merchandisers from almost all of the retailers contacted by GBI. However, two refused to return their Merchandisers, in violation of their Merchandiser Agreements. One retailer told JH that he had concealed the Merchandiser and was not going to return it. JH sent demand letters to the two retailers who refused to return the equipment. *Id.* ¶ 10-11. These are the letters that GBI holds up now as "groundless intimidation," which is allegedly damaging GBI's goodwill with their retailers. Motion at 2.

GBI now seeks an injunction against JH, alleging that JH is somehow misappropriating the "trade secrets" of GBI. Although GBI's Motion does not reveal precisely what "trade secrets" it is trying to protect, it appears that the "trade secrets" at issue are the names and locations of the retailers that entered Merchandiser Agreements with JH. *See* Affidavit of Mark A. Greenburg ¶¶ 8-9. This means that GBI is seeking an injunction to prevent JH from contacting retailers who signed separate Merchandiser Agreements with JH

and who had hundreds of thousands of dollars worth of JH's equipment.  This is not an appropriate use of injunctive relief, and GBI's Motion should be denied.

## II.    GBI Cannot Establish Any of the Four Elements Necessary for a Preliminary Injunction.

As GBI concedes in its Motion, a preliminary injunction will not be granted unless the plaintiff can establish each of the following four criteria:  (1) the plaintiff will suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm to the opposing party if the injunction were granted; (3) there is a likelihood that the plaintiff will succeed on the merits at trial; *and* (4) the public interest will not be adversely affected.  Motion at 6, citing *Camel Hair & Cashmere Inst. V. Associated Dry Goods Corp.*, 799 F.2d 6, 12 (1st Cir. 1986). GBI cannot establish any of these four criteria, and this Court should deny GBI's Motion.

### A.    GBI Cannot Establish Any Injury, Much Less Irreparable Injury.

The first criteria for a preliminary injunction requires that GBI establish that it will suffer an irreparable injury.  GBI alleges that it will suffer irreparable injury because its "trade secrets" are being misappropriated by JH and because JH's alleged breaches of the now-terminated Letter Agreement may be "*possibly* undercutting or further undercutting GBI goodwill in the marketplace," and "the resultant loss of business *could be* impossible to measure."  *See* Motion pages 7-10 (emphasis added).

#### i.    There Are No Trade Secrets At Issue Here.

First, the only alleged "trade secrets" at issue are the names and locations of GBI customers who also signed Merchandiser Agreements with JH.  Affidavit of Mark A. Greenburg ¶ 8.  In its Motion, GBI uses the term "trade secrets" yet does not define what these

GUNDERSON, DENTON & PROFFITT, P.C.
ATTORNEYS AND COUNSELORS AT LAW
125 N. COST & SUITE WOOD, SUITE 180
MESA, AZ 85201

"trade secrets" may be, other than "confidential customer information." Motion at 7. Moreover, GBI fails to allege or provide any evidence of how JH may be misappropriating the "confidential information." The "confidential customer information" appears to be simply the names and addresses of retailers who signed contracts with JH. The names of these retailers are hardly confidential, and GBI does not assert otherwise.

### ii.    Loss of Goodwill Is Not Irreparable.

GBI alleges that it may "possibly" lose goodwill in the marketplace and with its customers. Motion at 9. Even if this were true it would not be an irreparable injury. Courts have frequently recognized that "the loss of customer goodwill is not necessarily irreparable... when damages for such losses are available...(loss of good will is frequently valued and recompensed in litigation through money damages)." *Ikon Office Solutions, Inc. v. Belanger*, 59 F.Supp.2d 125, 133 (D.Mass. 1999), citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop*, 839 F.Supp. 68, 72-75 (D.Me. 1993). Any alleged harm to GBI's goodwill could be remedied by a claim for money damages—a fact that GBI's own complaint recognizes when it asks for money damages. Further, the harm that GBI alleges it has suffered is that "GBI personnel have been forced to devote a substantial amount of time and effort attempting to repair relationships with customers that have received belligerent letters from JH." Motion at 6. There is no allegation that these customers have stopped buying products from GBI, or that GBI has otherwise been damaged at all. Whatever employee time may have been lost, it can easily be compensated by money damages. There has been no loss of goodwill shown by Plaintiff, and even if Plaintiff had lost goodwill, that could be rectified by monetary damages.

GUNDERSON, DENTON & PROFFITT, P.C.
ATTORNEYS AND COUNSELORS AT LAW
123 S. CENTENNIAL WAY, STE 101 150
MESA, AZ 85201

GBI cites three cases in support of its contention that loss of goodwill cannot be cured by money damages. First, GBI cites *Transkaryotic Therapies, Inc. v. Bain & Co., Inc.,* Super Ct. Civ. Action No. 02-0747-BLS, 2002 WL 799697. Motion at 9. However, *Transkaryotic* dealt with the confidentiality of clinical studies regarding enzyme replacement therapy. The crux of that case was protecting confidential scientific information, not goodwill. *Transkaryotic* also did not involve third parties who had a separate contractual relationship with the defendant, as is the case here. GBI also cites *Shipley Co., Inc. v. Clark,* 728 F. Supp. 818, 828 (D. Mass. 1990). However, in that case the plaintiff was *denied* an injunction because it failed to establish a likelihood of success on the merits. Finally, GBI cites *Kroeger v. Stop & Shop Cos., Inc.,* 13 Mass. App. Ct. 310, 322 (1982). However, *Kroeger* dealt with a non-competition clause. There is no non-competition clause between JH and GBI in the case at hand.

Given all the foregoing, it is quite clear if GBI has suffered any injury at all, it is certainly not an irreparable injury. GBI's Motion must therefore be denied.

### iii.    There Is No Non-Compete Clause in the Parties' Letter Agreement, and No Confidential Information Has Been Shared with Third Parties.

GBI's Motion seems to assert that JH is impermissibly competing with GBI. This makes little sense, because the Letter Agreement contains no non-compete clause. Moreover, JH cannot compete with GBI, because JH does not sell Philipe's Pizza to retailers. It only licenses the Philipe's Pizza name and lends Merchandisers to retailers. GBI's allegations of improper competition, if any, would have to be made against another distributor, not JH.

GBI has also raised the allegation that JH "is now impermissibly sharing GBI's confidential information and trade secrets with one of GBI's competitors, Dari Farms Ice Cream, Inc. ("Dari Farms"). Motion at 2. However, GBI has offered absolutely no evidence in support of this broad allegation. GBI's allegations may stem from the fact that Dari Farms distributes to one retail chain formerly serviced by GBI. This retail chain is Tedeschi Foods. JH never solicited Tedeschi Foods. Tedeschi Foods contacted JH of its own volition, initially requesting that JH lend Merchandisers to Tedeschi. In February 2004, JH had a meeting to speak to Tedeschi Foods about the low volume of pizza sold by Tedeschi. At that meeting, Tedeschi told JH that GBI could not adequately service Tedeschi with frozen food because they had very little experience handling frozen food. Tedeschi, facing the removal of their Merchandisers because of GBI's problems, requested that they be serviced through Dari Farms Ice Cream, Inc. ("Dari Farms"), another authorized distributor of Philipe's Pizza. Affidavit of Mark A. Greenburg ¶ 12.

Given all this, JH has done nothing wrong, and certainly nothing that justifies an injunction. JH did not contact Tedeschi and did not use GBI's confidential information when it spoke with Tedeschi. The Motion should be denied.

**B.    The Balance of Harm Favors JH Because GBI Has Shown No Harm.**

The second thing required before a preliminary injunction can be granted is that the irreparable injury to GBI outweighs any harm to JH, were the injunction granted. GBI has shown no irreparable injury. Therefore, any amount of harm to JH results in a balance of harm in favor of JH.

It appears that GBI is trying to prevent JH from contacting—or even keeping track of—the retailers who signed contracts with JH and borrowed hundreds of thousands of dollars of equipment from JH. If JH is not permitted to communicate with the retailers who signed Letter Agreements with JH and were lent Merchandisers, then JH will be harmed substantially in its inability to monitor, move, place, and remove those Merchandisers. GBI is asking this Court to force JH to forfeit the names and addresses of retailers who have signed Merchandiser Agreements with JH. Motion at 7. This would render JH unable to recover its Merchandisers. Accordingly, the injury to JH greatly outweighs the unsubstantiated "injury" alleged by GBI. Since JH's injury would greatly outweigh GBI's, the Motion must be denied.

**C.   GBI Is Not Likely to Succeed on the Merits.**

The third thing required before a preliminary injunction can be granted is the likelihood that the plaintiff will succeed on the merits at trial. GBI has not shown that it is being injured or will be injured by JH. In fact, the single affidavit GBI has submitted does nothing to controvert JH's Counterclaim in this matter.

Regarding the "trade secrets" that are the core of the injunction issue, GBI alleges only generally that there are trade secrets at issue. As mentioned previously, it appears that the only "trade secrets" GBI is referring to are the names and locations of GBI's customers, who have also signed Merchandiser Agreements with JH and have (or, in some cases, used to have) JH's Merchandisers. The meager evidence GBI has produced, the fact that it has not clearly defined what "trade secrets" it is trying to protect, and the strength of JH's case make it very unlikely that GBI will prevail at trial. GBI's Motion must therefore be denied.

**D.    The Public Interest Does Not Favor the Issuance of a Vague Injunction Where the Plaintiff Has Not Even Shown That It Has Been or Will Be Damaged.**

The final factor necessary to justify a preliminary injunction is that the public interest will not be adversely affected by the injunction. GBI argues that protecting confidential and proprietary information (whatever it may be) comports with public policy. Motion at 10. In this case, however, there is no confidential or proprietary information at issue. The only information GBI has referred to is the names and locations of retailers who were contacted by GBI, who signed Merchandiser Agreements with JH, and who accepted Merchandisers for their stores. GBI now argues that it is entitled to an injunction preventing JH from contacting those retailers. In this case, public policy would protect JH from having to abandon its own customers and its expensive equipment.

GBI argues that "public interest will be promoted, furthermore, if the parties' contractual expectations are respected." Motion at 10. This is ironic, because GBI is the one that has breached the parties' Letter Agreement. Further, JH's "contractual expectations" will be dashed if JH is prohibited from dealing with the retailers who have its equipment.

Public policy is also important in analyzing GBI's protests about JH's letters to retailers who withheld JH's Merchandisers. *Id.* at 5-6. By protesting against JH's letters to these dishonest retailers, GBI is casting its lot with those who misappropriated valuable equipment. It would not be good public policy for this Court to encourage that.

Since public policy weighs against granting GBI's Motion, it must be denied.

**III.     Conclusion.**

For the foregoing reasons, Defendant JH moves that this Court deny Plaintiff GBI's

Motion for a Preliminary Injunction, and further moves that this Court award JH its reasonable

attorneys' fees for its efforts to contest this vague and inadequate Motion.

Respectfully submitted
The Defendant by its attorney

David C. Nunheimer, Esq. 546764
336 South Street
Hyannis, MA  02601
508-775-0763
fax  508-790-0072

GUNDERSON,  DENTON & PROFFITT, P.C.
ATTORNEYS AND COUNSELORS AT LAW
1234 N. CENTENNIAL WAY, S. 101, 150
MESA, AZ 85201

10

1

2                              Certificate of Service

3

4    I certify under the pains and penalties of perjury that I have served the foregoing on all parties

5    by mail postage prepaid this 16TH day of August, 2004.

6

7    _____

8    David C. Nunheimer

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28