UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARBER BROS., INC.,<br><br>       Plaintiff,<br><br>  v.<br><br>JH TRADEMARK COMPANY, LLC,<br><br>       Defendant. | CIVIL ACTION<br>NO. 04-11459-RCL |

## JOINT STATEMENT

Pursuant to the Notice of Scheduling Conference and Additional Matters and Local Rule 16.1, plaintiff, Garber Bros., Inc. ("GBI"), and defendant, JH Trademark Company, LLC ("JH"), hereby submit this Joint Statement.

### 1.   Positions of the Parties

  a. **GBI's Position Statement**

In June of 2003, GBI entered into an agreement (the "Letter Agreement") with JH pursuant to which GBI would distribute one of JH's products, Philipe's frozen pizzas, to its convenience store customers. In a particularly key provision of the Letter Agreement, JH promised that it would maintain the confidentiality of all information regarding GBI customers that it obtained pursuant to the agreement. This confidential customer information is subject to trade secret protection pursuant to Massachusetts law.

Earlier this year, JH terminated the Letter Agreement and deprived GBI of the ability to enjoy the benefit of the original bargain. JH has breached its obligations under the Letter Agreement in several respects:

- It unilaterally terminated the Letter Agreement before the conclusion of its term.

- It did not offer GBI a "first right of renewal," as required by the Letter Agreement.

- It did not honor its obligation to "seek a future agreement within sixty days of the [Letter Agreement] expiring."
- It added one or more new distributors without offering GBI the opportunity to service customers enrolled in the Philipe's Pizza program, as required by paragraph 15 of the first page of the Letter Agreement.

JH has not, furthermore, returned the confidential information it obtained while performing its agreement with GBI. JH, instead, is now unlawfully sharing GBI's confidential information and trade secrets with one of GBI's competitors, Dari Farms Ice Cream, Inc. ("Dari Farms"). JH has also resorted to groundless intimidation of those GBI customers that have not been willing to tolerate JH's unorthodox business practices. In a letter sent from JH to GBI customers in mid-June following the commencement of this suit, JH threatened those customers with criminal prosecution with no justification whatsoever.

JH is obligated to permit GBI to obtain the benefits for which it contracted, to cease the unfair and unlawful misappropriation of GBI's trade secrets and confidential information, and to stop harassing GBI customers. GBI is suffering ongoing irreparable harm as a result of JH's conduct and has moved for preliminary relief in an attempt to cease that harm. JH is also liable to GBI for at least $100,000 in damages, which includes the amount that GBI would have realized had JH performed its obligations under the Letter Agreement.

JH's counterclaims are without merit. The crux of JH's claims appears to be that it terminated the Letter Agreement because it was concerned that GBI would not perform. In its Answer and Counterclaims, GBI based this assertion upon supposed statements made by GBI personnel during the fall of 2003. Recently, however, JH changed its story. JH is now claiming that it terminated the Letter Agreement because of suggestions purportedly made by a third party that GBI did not have experience distributing frozen foods. JH has provided no direct evidence from the third party in question that it was dissatisfied with GBI's performance. There is no provision of the Letter Agreement, nor any basis in the law, allowing JH to terminate the Letter Agreement based upon the unsubstantiated assertions of a third party. JH's other allegations, furthermore, are either inaccurate or, even if true, would not establish that GBI breached the terms of the Letter Agreement in a material fashion.

b.   **JH's Position Statement**

JH owns the Philipe's Pizza brand name. Better Baked Foods, Inc. ("BBF"), a Pennsylvania corporation that is not a party, produces Philipe's Pizza under the direction of JH. BBF, in turn, sells Philipe's Pizza to regional distributors such as GBI. The regional distributors then sell Philipe's Pizza to retailers, who sell the pizza to consumers.

JH and GBI signed a Letter of Agreement that memorializes this arrangement. Pursuant to the Letter Agreement, GBI was required to present retailers with JH's Merchandiser Agreement, which the retailers would then sign. Under the Merchandiser Agreement, JH lent each retailer a Pizza Place Merchandiser, which is a customized freezer and microwave unit that stores and cooks Philipe's Pizza. Under the Merchandiser Agreement, the retailer agrees to use the Merchandiser solely to sell Philipe's Pizza and to return the Merchandiser to JH after the Merchandiser Agreement is terminated.

After placing Merchandisers with each retailer, obviously JH retained the names and locations of these retailers. This was so that JH would know where its Merchandisers were located and how to contact the retailers with whom it had contracted. JH placed about $300,000 worth of its Merchandisers with retailers who were located by GBI. These names and locations are the "confidential information" referenced in GBI's Complaint. GBI's position is essentially that JH must abandon its Merchandisers and stop doing business with any GBI customer. That is far beyond what the law permits, even if the customer names in this case really were trade secrets—which they are not. The preliminary injunction sought by GBI is unjustified for all the reasons laid out in JH's Response to GBI's Motion for Preliminary Injunction.

GBI's job was to distribute Philipe's Pizza to the retailers and support JH in various ways. However, GBI failed in many of these duties:

- GBI failed to collect the required deposits from stores;

- GBI failed to support JH in recovering Merchandisers from underperforming stores;

- GBI did not market the Philipe's Pizza product using its best efforts, in fact admitting that it had "let the program die";

- GBI permitted customers to place competing products in JH's Merchandisers;

- GBI intentionally provided stores with outdated and incorrect agreements (which GBI believed reduced its workload but increased JH's expense).

As a result of GBI's breaches, JH terminated the Letter Agreement.

JH retrieved its Merchandisers from almost all of the retailers contacted by GBI. However, two refused to return their Merchandisers, in violation of their Merchandiser Agreements. One retailer told JH that he had concealed the Merchandiser and was not going to return it. JH sent demand letters to the two retailers who refused to return the equipment, and threatening to turn the matter over to law enforcement if the Merchandisers were not returned. These are the letters that GBI holds up now as "groundless intimidation."

JH's preliminary calculation of the profits it has lost as a result of GBI's breach is approximately $411,000.

## 2. Discovery Plan and Pretrial Schedule

The parties have agreed upon the following discovery plan and pretrial schedule:

| | |
|---|---|
| Amendment of pleadings and joinder of additional parties | December 1, 2004 |
| Plaintiff's expert disclosure | April 1, 2005 |
| Defendant's expert disclosure | May 15, 2005 |
| Service of and compliance with written discovery requests and completion of depositions | June 15, 2005 |
| Rule 56 Motions Filed | July 15, 2005 |
| Final Pretrial Conference | August 15, 2005 |

### 3. Certifications

The parties and their counsel certify that they have conferred (i) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – for the litigation; and (ii) to consider the resolution of the litigation through the use of alternative dispute resolution such as those outlined in Local Rule 16.4.

| | |
|---|---|
| Respectfully Submitted | Respectfully Submitted, |
| JH TRADEMARK CO., LLC | GARBER BROS., INC. |
| By its attorney | By its attorney |
| *Brad Denton /TK* | *[signature]* |
| GUNDERSON, DENTON & PROFITT, P.C. | THE LAW OFFICE OF TERRY KLEIN |
| Brad Denton, Admitted *Pro Hac Vice* | Terry Klein, BBO# 652052 |
| 123 N. Centennial Way, Suite 150 | 1558 Dorchester Avenue, Ste. 202 |
| Mesa, Arizona 85201 | Dorchester, Massachusetts 02122 |
| Telephone: (480) 655-7440 | Telephone: (617) 825-8175 |
| Facsimile (480) 655-7099 | Facsimile: (617) 507-6454 |

Dated: September 15, 2004